MICHAEL BAILEY
United States Attorney
District of Arizona
SERRA M. TSETHLIKAI
Assistant United States Attorney
CA State Bar Number 171177
405 West Congress St.
Tucson, AZ 85701
Telephone: (520) 620-7300
Email: serra.tsethlikai@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Francisco Dario Mora,<br>Defendant. | CR-19-03289-TUC-SHR (MSA)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO PROPOSED PRELIMINARY ORDER OF FORFEITURE |

The United States of America, by and through its undersigned attorneys, hereby responds to defendant's Objection to Proposed Preliminary Order of Forfeiture.

**A. Entering a Preliminary Order of Forfeiture**

At the change of plea hearing, this Court correctly determined that the firearms and ammunition were subject to forfeiture and promptly entered the Preliminary Order of Forfeiture. The court further correctly determined that due to an act or omission of the defendant the firearms and ammunition were unavailable for forfeiture and therefore the government may pursue substitute assets up to the value of the firearms and ammunition.

Federal Rules of Criminal Procedure Rule 32.2(b)(2)(A) provides, "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." A criminal forfeiture order may take several forms including a

money judgment, directly forfeitable property, and substitute assets. *United States v. Candelaria*-Silva, 166 F.3d 19, 42 (1st Cir. 1999).

The defendant admitted during the change of plea colloquy that he smuggled the firearms and ammunition to Mexico. As such, through his own actions the firearms and ammunition were unavailable for forfeiture. Thus, the government has met the statutory criteria to establish the forfeitability of the firearms and ammunition pursuant to Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); and Federal Rules of Criminal Procedure Rule 32.2(b)(2)(A). Further, the government established pursuant to Title 21, United States Code, Section 853(p), that the firearms and ammunition were unavailable for forfeiture and that therefore the government is entitled to pursue substitute assets up to the value of the firearms and ammunition.

This Court correctly ordered the forfeiture of the firearms and ammunition and found that they were unavailable for forfeiture thus allowed the government to seek substitute assets up to the value of the forfeited firearms and ammunition.

**B. Section 2461(c) Does Apply and Firearms and Ammunition are Subject to Forfeiture**

The Ninth Circuit has recognized that Section 2461(c) "permits the government to seek criminal forfeiture whenever civil forfeiture is available and the defendant is found guilty of the offense." *United States v. Pollard,* 850 F.3d 1038, 1041–42 (9th Cir.), *cert. denied*, 138 S. Ct. 568 (2017) (quoting *United States v. Newman*, 659 F.3d 1235, 1239 (9th Cir. 2011)). It "make[s] criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized." *Id*. (quoting *United States v. Padron*, 527 F.3d 1156, 1161–62 (11th Cir. 2008)).

The Ninth Circuit has rejected the defendant's argument that firearms and ammunition are not subject to forfeiture because they are not "property." The court has emphatically held that "[s]ection 924(d) indisputably authorizes the civil forfeiture of firearms and ammunition, which simply are specific types of property. *United States v.*

*Valdez*, 911 F.3d 960, 964 (9th Cir. 2018). *See also United States v. Soto*, 915 F.3d 675, 680 (9th Cir. 2019), *rehearing denied* April 24, 2019).

**C. Section 853(p) is a Procedure**

Both the Ninth Circuit and the Supreme Court have characterized Section 853(p) as a procedural provision. "Section 853(p) is a procedural provision, so § 2461(c) makes it applicable here." *Soto*, 915 F.3d at 680. "We conclude that § 853(p) is one of the 'procedures' incorporated by reference in § 2461(c)." *Valdez,* 911 F.3d at 965. In *United States v. Lo*, 839 F.3d 777, 790 (9th Cir. 2016), *cert. denied,* 138 S. Ct. 354 (2017), the Court explained: "Section 2461 also references 21 U.S.C. § 853, and states that the procedures in that statute 'apply to all stages of a criminal forfeiture proceeding' except for an exception that is inapplicable here. Section 853(p) provides a procedure for the forfeiture of substitute property."

Similarly, in *United States v. Omidi,* 714 Fed. Appx. 808, 810 (9th Cir. 2018), the Court considered a forfeiture pursuant to 31 U.S.C. § 5317(c)(1)(B), which also provides that the procedures of 21 U.S.C. § 853 apply to the forfeiture. The Court concluded "Section 853(p) provides a *procedure* for the forfeiture of substitute property." *Id*. (quoting *Lo*, 839 F.3d at 790 (emphasis added by *Omidi*)).

In *Honeycutt v. United States*, 137 S. Ct. 1626, 1634 (2017), the Supreme Court stated that "Congress provided just one way for the Government to recoup substitute property when the tainted property itself is unavailable—the procedures outlined in Section 853(p)." In fact, the Supreme Court noted that the legislative history of Section 853 "confirms" that "Congress altered the traditional system in order to 'improv[e] the procedures applicable in forfeiture cases.'" *Id*. at 1635 (quoting S.Rep. No. 98–225, p. 192 (1983)).

Here, the requirements of Section 853(p) were met. The defendant had the firearms and ammunition, which were subject to forfeiture. He either transported the firearms and ammunition to Mexico or transferred the firearms and ammunition to another individual for transportation into Mexico. In the words of Section 853(p)(1)(B), the firearms and

ammunition "ha[ve] been transferred or sold to, or deposited with, a third party." Thus, pursuant to Section 853(p)(2), "other property of the defendant, up to the value of" the firearms and ammunition that the government did not seize was subject to forfeiture.

The defendant's reliance on cases not on point does not advance his argument. The Ninth Circuit and Supreme Court have unequivocally held that Section 853(p) is a procedural provision.

Section 853(p) is clearly a procedure and applies to all stages of a criminal forfeiture proceeding, including a forfeiture pursuant to Title 18, United States Code, Section 924(d).

**D. Section 853(p) Applies to all Criminal Forfeitures**

As discussed *supra*, Section 853(p) applies to all criminal forfeiture cases, not just those pursuant to the proceeds provision in Title 21, United States Code, Section 853(a).

Section 853(a) is the substantive provision that provides for forfeiture in drug prosecutions. That section provides:

> (a) Property subject to criminal forfeiture
> Any person convicted of a violation of this subchapter or subchapter II of this chapter [21 U.S.C. §§ 801-971] punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and
> (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.
> The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

21 U.S.C. § 853(a).

By its express terms, § 853(a) applies to individuals convicted of violating controlled substance laws. *See Honeycutt*, 137 S. Ct. at 1632 ("Forfeiture under § 853 applies to 'any person' convicted of certain serious drug crimes"). Here the defendant was not convicted of a drug offense. Thus, the government is not relying on § 853(a) as the substantive provision that authorizes forfeiture in this case. Rather, as explained above, the government is relying on 18 U.S.C. § 924(d)(1) and 28 U.S.C. 2461(c).

Section 924(d)(1) does not contain the language in § 853(a) that the defendant is relying on – the forfeiting of "any proceeds the person obtained" and "any of the person's property." As applicable to this case, what § 924(d)(1) requires is that the firearms or ammunition be "involved in . . . any violation of any other criminal law of the United States." As demonstrated above, the ammunition here was involved in the defendant's federal crime. The substantive requirements of § 924(d)(1) are met.

In *United States v. Bermudez*, 413 F.3d 304, 305-06 (2nd Cir. 2005), the Second Circuit rejected an argument almost identical to the one the defendant is making in this case. In that case, the substantive statute that authorized forfeiture was 18 U.S.C. § 982(a)(1), which applies to money laundering offenses. That statute also provided that forfeiture under that statute "shall be governed by the provisions" of 21 U.S.C. § 853. 18 U.S.C. § 982(b)(1). The defendant argued that property could be forfeited only to the extent it fit within the definition of property to be forfeited in 21 U.S.C. § 853(a). *Id*. at 306. The Second Circuit rejected that argument. "The 'proceeds' limitation of § 853(a)(1) has no logical connection to § 982(a)(1) forfeitures." *Id*. The Court reasoned that just as § 853(p) defines what assets may be substituted for those forfeitable under § 853(a) in a drug case, § 853(p) defines what assets may be substituted for assets forfeitable under § 982(a)(1) in a money laundering case. *Id*.

The Second Circuit reached the same conclusion in *United States v. Seabrook*, 661 Fed. Appx. 84, 85-86 (2d Cir. 2016). In that case, the substantive provision that authorized forfeiture was 18 U.S.C. § 981(a)(1)(C). The Court again rejected that argument that § 853(a) controlled what property could be forfeited. "Section 981(a)(1)(C) does not contain

the language in § 853(a) relied on by *Seabrook*, *i.e.*, the forfeiting of 'any proceeds the person obtained' or 'any of the person's property.' 21 U.S.C. § 853(a)(1), (2). The language in § 981 is much broader . . . ." *Id*. at 86.

Similarly, the language in § 924(d)(1), applicable here, is much broader than the language in § 853(a). All § 924(d)(1) requires is that the firearm or ammunition be "involved in . . . any violation of any other criminal law of the United States." 18 U.S.C. § 924(d)(1).

**E. Intermediary issue**

The defendant claims that since the firearms and ammunition never belonged to the defendant in the first place, he should not be "deprived of it" or otherwise have an order of forfeiture issued against him. However, when, as in this case, a defendant caused the forfeitable property to be transferred to a third person, Congress has determined that the government may seek the forfeiture of substitute Property. *See Valdez,* 911 F.3d at 967. The Ninth Circuit determined that there is "no inequity in treating persons differently depending on whether they cause contraband to remain in the hands of criminals. Id. For those who cause that additional harm, Congress has permissibly concluded that they must forfeit substitute property. Here, the defendant purchased and arranged the purchase forty (40) firearms, 760 thirty (30)-round magazines, and 25,000 rounds of ammunition and then successfully smuggled them into Mexico and delivered them to Mexican criminal organizations, presumably Mexican drug cartels. The fact that he successfully smuggled that contraband should not shield him from a forfeiture order.

**F. The Forfeiture is not Excessive Under the Eight Amendment**

1. The forfeiture of substitute assets up to the value of the forfeited firearms and ammunition is not excessive and a violation of the Eighth Amendment because the value of the firearms and ammunition does not exceed the fine under the Sentencing Guidelines for the offenses for which the defendant pled guilty.

In the wake of *United States. v. Bajakajian*, 524 U.S. 321 (1998), the courts have developed a four factor test to determine if a forfeiture is grossly disproportionate to the

gravity of the offense: 1) the nature of the crime and its connection to other criminal activity, 2) whether the defendant fits into the class of persons at whom the statute was aimed, 3) the maximum sentence or fine under the applicable statute and sentencing guidelines, and 4) the harm caused by the offense. Most courts, including the Ninth Circuit, focus of the maximum fine authorized by the Sentencing Guidelines to determine if the forfeiture violates the Eighth Amendment. If the value of the asset being forfeited is less than the maximum fine, a "strong presumption" arises that the forfeiture is constitutional, and if the value of the asset is near the maximum fine, the forfeiture is "almost certainly" non-excessive. *See United States v. 817 N.E. 29th Drive, Wilton* Manors, 175 F.3d 1304, 1309-10 (11th Cir. 1999). The Ninth Circuit has held "the maximum penalties under the Sentencing Guidelines should be given greater weight than the statutory maximum because the Guidelines take into account the specific culpability of the offender." *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1112 (9th Cir. 2004).

Considering the additional three factors under *Bajakajian*, the forfeiture is still not grossly disproportional to the offense. The crimes the defendant pled guilty to are clearly related to other activity. The defendant conspired to smuggle and smuggled the firearms and ammunition into Mexico, where these items are illegal. The firearms and ammunition are thereafter used to perpetuate illegal criminal activity in Mexico. The defendant fits squarely into the class of persons at whom the statute is aimed. Without people illegally purchasing firearms in the United States and then smuggling the firearms and ammunition into Mexico, the criminal organizations in Mexico would not have the firearms and ammunition needed to further their illegal activities. Finally, a great amount of harm was caused by this offense. The defendant was responsible for 40 firearms to include AK-47style-pistols and AR-15style pistols, 760 thirty(30)-round magazines, and 25,000 rounds of ammunition being smuggled into Mexico. Those firearms, magazines, and ammunition will be used by criminal organizations, arguably Mexican drug cartels, to maintain and gain control over their lucrative illegal drug trafficking. The smuggling of these firearms, magazines, and ammunition to Mexico has a negative impact of the health and safety of

Mexican and American citizens; as well as the morals of our country. These crimes were not a one time deal, they were committed over and over for three months. In fact, the defendant had access to over $32,663.48 in cash, during that three month period, to purchase the firearms and ammunition.

The government is seeking the forfeiture of the firearms and ammunition involved in the defendant's offenses which value is approximately $32,663.48. The maximum Sentencing Guidelines fine for the defendant's offenses is $35,000 to $250,000. Clearly, the value of the firearms and ammunition is below the recommended fine range.

2. Entering an order of forfeiture against an indigent defendant is also not an Eighth Amendment violation.

Since *Bajakajian,* the Ninth Circuit has emphatically rejected subjective factors such as the personal circumstances of the property owner in determining the excessiveness of forfeitures. *See United States v. Riedl*, 82 Fed. Appx. 538, 540 (9th Cir. 2004) (adopting 4-part test from *United States v. 3814 Thurman Street*, 164 F.3d 1191, 1197-99 (9th Cir. 1999), and ignoring *El Dorado County*).

Additional courts have entered forfeiture orders despite arguments from defendants that they are indigent or that the forfeiture order will deprive a person of their future ability to earn a livelihood. *See United States v. Smith*, 656 F.3d 821, 828-29 (8th Cir. 2011) (imposing a money judgment on a person with no present ability to pay is not a violation the Eight Amendment); *United States v. Colletti*, 483 Fed. Appx. 320, 321 (9th Cir. 2012) (an order does not deprive defendant of her livelihood if it exempts social security and pension benefits).

The defendant's reliance on *United States v. Cano-Flores*, 796 F.3d 83 (D.C. Cir. 2015) is misplaced because *Cano-Flores* dealt with the issue of whether a defendant should be held jointly and severally liable for the entire proceeds of a drug conspiracy. In this case, the government is not requesting a money judgment but rather a substitute assets judgment. The government is not requesting the defendant forfeit the proceeds of the conspiracy but rather the value of the firearms and ammunition that he himself purchased

and/or trafficked to Mexico.

The Preliminary Order of Forfeiture should stand against this defendant regardless of his indigent status.

**G. Conclusion**

The government respectfully requests this Court affirm the Preliminary Order of Forfeiture against the defendant. The firearms and ammunition are subject to forfeiture and that due to an act or omission of the defendant, the firearms and ammunition are unavailable for forfeiture. Therefore, the government should be able to pursue substitute assets up to the value of the firearms and ammunition.

Respectfully submitted this 30th day of October, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

SERRA TSETHLIKAI
Digitally signed by SERRA TSETHLIKAI
Date: 2020.10.30 16:35:41 -07'00'

Serra M. Tsethlikai
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 30 day of October, 2020, to:

Ms. Greta M. Vietor, Esq.
Attorney for Mr. Francisco Dario Mora