PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona
SERRA M. TSETHLIKAI
Assistant U.S. Attorney
California State Bar No. 171177
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: serra.tsethlikai@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Francisco Dario Mora,<br>Defendant. | CR 19-3289-TUC-SHR(MSA)<br><br>RESPONSE TO DEFENDANT'S OBJECTION TO PRE-SENTENCE REPORT ("PSR") |

The United States of America, by and through its undersigned attorneys, hereby submits its Response to Defendant's Objection to the Presentence Report ("PSR"). For the reasons stated herein, the objection to the two-level enhancement for being a leader and/or organizer should be overruled.

////

## I. Facts Supporting Organizer, Leader, Manager, Supervisor Role

### a. Statement by Pedro Sevilla[1]

Pedro Sevilla was interviewed by ATF agents at the time of his arrest. After waiving his *Miranda* rights, Sevilla told agents that he had met Francisco Mora in Nogales, Sonora, Mexico just six to seven months prior to his arrest. He told agents that Mora asked him to start purchasing firearms for Mora (straw purchasing) around the time that they originally met. Mora offered Sevilla money for purchasing the firearms.

Sevilla reported that Mora handled taking the firearms to Mexico and that Mora hid the firearms when Mora transported them. When Sevilla went down to Mexico with Mora, Mora would drop Sevilla off at Sevilla's dad's house and then later Mora would call Sevilla indicating there was money for payment. Mora paid him $100 for each firearm purchased.

Sevilla told agents that Mora told Sevilla which guns to purchase and provided Sevilla the money. PSR, para. 20. Sevilla related that often, they went to the gun stores together. PSR, para. 20. Mora would wait in the parking lot while Sevilla purchased the firearms. PSR, para. 20. Sevilla would put the purchased firearms in Mora's vehicle. Sevilla told agents that he also purchased ammunition for Mora. Mora paid Sevilla $100 for each purchase of ammunition. Mora then clarified with agents that he was paid $100 for each purchase of firearms not per firearm.[2]

Sevilla admitted to agents that he agreed to purchase the firearms and ammunition, "… just for extra money, bro." Sevilla stated that he did not know where Mora was getting the money. Sevilla told agents that on at least five occasions, he and Mora transported firearms and ammunition into Mexico despite knowing it was against the law to export. PSR, para. 21.

---

[1] A summary of the interview is documented in ATF ROI 16. Unless otherwise indicated, the summary of Pedro Sevilla's statement is taken from ROI 16.

[2] This statement is contrary to Sevilla statement that he made $300 per gun. PSR, para. 23.

**b. Transfer of Money**

On August 4, 2019, Mora transferred $1,500 to Sevilla. PSR, para. 7.

On August 30, 2019, Mora transferred $2,300 to Sevilla. PSR, para. 7.

c. **Crossing History of Mora and Sevilla**[3]

ATF received the TECS records from the Department of Homeland Security which documents the entry and exit of individuals and vehicles from the United States Ports of Entry. TECS records indicated that during the period of the charged conspiracy, Mora had 28 entries into United States from Mexico via vehicle 28 times and 17 entries via the pedestrian lane. During the same period, Sevilla had 4 entries into the United States from Mexico 4 times via vehicle and 4 entries via the pedestrian lane. The TECS records showed that both Mora and Sevilla entered the United States from Mexico together 3 times via vehicle and showed that both exited the United States into Mexico together twice.

d. **Statement by Najera**[4]

Najera was the roommate of Pedro Sevilla. He was present at the house at the time ATF agents served a federal search warrant for Sevilla's residence. ATF agents interviewed Najera at the residence.

Najera admitted to agents that he had purchased five to ten firearms and earned a total of $500 to $600. Najera told agents that Mora paid him $100 per firearm. Najera stated that he was not making as much as Sevilla because Sevilla had been trafficking firearms for a longer period. Najera stated that when he purchased firearms for Mora, Najera immediately turned them over to Mora. Mora instructed Najera on which firearms to purchase. He told agents that while he never crossed into Mexico with Sevilla and Mora,

---

[3] See Attachment A. Attachment A was a summary of purchases of firearms and munitions by both defendants with entries into the United States and exits from Mexico. The summary was based on an assortment of evidence but primarily relied upon the ATF Forms 4473 and TECS records.

[4] Summary of Najera's statement was taken from the PSR, para. 25.

he did deliver firearms near the international border in Nogales, Arizona. Najera told agents that he was aware that both Sevilla and Mora had transported firearms into Mexico.

e. Statement of Defendant

The defendant stated that in the beginning he earned between $800 and $1,00 each time he straw purchased firearms. PSR, para. 30.

## II. The Defendant was an Organizer, Leader, Manager, or Supervisor

In calculating the Guidelines, Probation assessed the defendant with a two-level enhancement under USSG § 3B1.1(c), Aggravating Role. USSG § 3B1.1(c) states:

> If the defendant was an organizer, leader, manager or supervisor in any criminal activity other than described in (a) or (b), increase by **2** levels.

In order to sustain the two-level enhancement under this provision, the government must present evidence sufficient to support the upward adjustment by a preponderance of the evidence. *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000). A defendant "need exercise authority over only one of the other participants to merit the adjustment." *Id*. at 1050. In addition, "a single incident of person acting under a defendant's direction is sufficient evidence to support the two-level enhancement." *Id*.

Here, the defendant was clearly the organizer and leader in the smuggling of firearms and munitions into Mexico from the United States. First, both Sevilla and Mora give very similar accounts of their involvement and how Mora instructed them on which firearms to purchase and then paid them for the straw purchased firearms. Both freely admitted that they purchased the firearms knowing that they were going into Mexico. Both consistently stated that Mora directed and paid them. Second, there is evidence that Mora transferred money to Najera around the time of firearm purchases. Third, Mora's crossing history into Mexico clearly demonstrates that he was primarily responsible for smuggling the firearms and munitions into Mexico from the United States. He was the person who delivered the firearms and munitions to the drug cartel. Mora was the person who received the money from the drug cartel. Mora then paid Sevilla. Fourth, the defendant admitted

that he was getting paid between $800 and $1,000 each time he purchased firearms. Mora was clearly receiving significantly more money for his role in the smuggling venture because he was the leader and organizer to both Sevilla and Najera.

## III. Conclusion

For the reasons stated above, Probation correctly assessed the two-level adjustment and the evidence is sufficient, by a preponderance of the evidence, to support the assessment. The defendant's objection to the two-level enhancement for being a leader and organizer during the smuggling of firearms and munitions scheme should be overruled.

Respectfully submitted this 2nd day of April 2021.

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

SERRA TSETHLIKAI
Digitally signed by SERRA TSETHLIKAI
Date: 2021.04.02 21:39:17 -07'00'

Serra M. Tsethlikai
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 2nd day of April 2021, to:

Greta M. Vietor, Esq.
Attorney for Francisco Dario Mora

Ms. Christy A. Ferasin
U.S. Probation Officer